**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

DETECTIVE MOSES PRESIDENT,

Plaintiff,

-v.-

GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS POLICE DEPARTMENT, VIRGIN ISLANDS TERRITORIAL EMERGENCY MANAGEMENT AGENCY, POLICE OFFICER SHONNETH GITTENS, POLICE OFFICER D'NEICIA JACOBS, POLICE OFFICER ALMONT KING, and A'KEYMA BARTHLETT

Defendants.

1:17-cv-00046 (CAK)

**OPINION AND ORDER**

**MEMORANDUM OPINION AND ORDER**

CHERYL ANN KRAUSE, Circuit Judge, sitting by designation.

THIS MATTER comes before the Court on Defendants' Motion to Dismiss the Plaintiff's Complaint (Dkt. No. 28), as well as Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. No. 37) and Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Dkt. No. 55). For the reasons set forth below, the Court will grant Plaintiff's Motion to Strike Defendants' Motion to Dismiss. However, because the Court has determined that it lacks jurisdiction over the tort claims against the Defendants, it will dismiss Counts II through V.

## FACTUAL BACKGROUND[1]

Over five years ago, on May 25, 2017, Detective Moses President (the Plaintiff) was injured in a tragic case of police friendly fire. Compl., Dkt. No. 1, ¶¶ 37–39. Plaintiff responded to reports of a shooting at a St. Croix bar. *Id.* ¶ 19. Although Plaintiff attempted to radio the 911 call center to advise his fellow police officers that he was en route, the police radio system was down so Plaintiff instead called the 911 center. *Id.* ¶¶ 21–23. Plaintiff informed the operator, A'Keyma Barthlett, that he was approaching the bar in plain clothes, but she did not relay that message to the other officers converging on the scene. *Id.* ¶¶ 23, 51.

When Plaintiff arrived at the bar, he approached a man brandishing a firearm. *Id.* ¶¶ 29–30. Plaintiff shouted, "Police, drop the gun, drop the gun." *Id.* ¶ 33. The man did not comply, so Plaintiff shot him. *Id.* ¶¶ 34–35. By that time, several of Plaintiff's fellow officers were also at the scene. *See id.* ¶¶ 31, 39. After seeing the plain-clothed Plaintiff discharge his weapon, Officer Almont King shot Plaintiff in the back. *Id.* ¶ 40. The other two officers present—Shonneth Gittens and D'Neicia Jacobs—did not come to Plaintiff's aid. *Id.* ¶¶ 10, 12, 41.

As a result of his gunshot wound, Plaintiff was hospitalized for two days and bedridden for an additional ten days. *See id.* ¶¶ 44–47. After those twelve days, Plaintiff

---

[1] In ruling on Defendants' Motion to Dismiss, we accept Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in his favor. *See Sherwin-Williams Co. v. Cnty. of Delaware*, 968 F.3d 264, 269 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 2565 (2021); *Fischbein v. Olson Research Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020). Thus, these facts are taken from Plaintiff's Complaint.

was capable of travel, but maintained a regimen of rest and painkillers over the next three and a half weeks. *Id.* ¶¶ 48–49. Although the Complaint alleges that Plaintiff has had ongoing medical issues since then from the shooting, it does not reflect any period of incapacity since July 1, 2017. *See id.* ¶¶ 49, 54.

**PROCEDURAL HISTORY**

Plaintiff filed this action on August 29, 2017. *See generally* Compl. As Defendants, Plaintiff named the Government of the Virgin Islands, the Virgin Islands Police Department, and the Virgin Islands Territorial Emergency Management Agency (collectively, the Government Entities), *id.* ¶¶ 7–9, as well as four Virgin Islands employees—Gittens, Jacobs, King, and Barthlett—in both their individual and official capacities (collectively, the Individual Defendants), *id.* ¶¶ 10–17.

The Complaint included five counts, one under federal law and the remainder under Virgin Islands tort law, claiming: (I) that the Individual Defendants, in their individual capacities, violated 42 U.S.C. § 1983, Compl. ¶¶ 56–65; (II) that Gittens and Jacobs were negligent and the Government of the Virgin Islands was vicariously liable for their negligence, *id.* ¶¶ 66–72; (III) that King was negligent and the Government of the Virgin Islands was vicariously liable for his negligence, *id.* ¶¶ 73–78; (IV) that Barthlett was negligent and the Government of the Virgin Islands was vicariously liable for her negligence, *id.* ¶¶ 79–84; and (V) that the Government Entities were negligent, *id.* ¶¶ 85–91.

Plaintiff individually served the Defendants, *see* Dkt. Nos. 14–20, yet the Defendants inexplicably failed to respond to Plaintiff's Complaint in the time required,

leading Plaintiff to move for default judgment on December 4, 2017. *See* Dkt. No. 22. The Court denied Plaintiff's Motion for Entry of Default Judgment on February 1, 2018. Dkt. No. 27. Four months later—and more than nine months after Plaintiff served the Defendants—the Defendants appeared for the first time and moved to dismiss the Complaint. Dkt. No. 28. Defendants contended that Plaintiff's § 1983 theory failed to state a claim upon which relief could be granted, Dkt. No. 29 at 5–12, and that the Court lacked subject matter jurisdiction over Plaintiff's claims under Virgin Islands tort law because the Virgin Islands Workers' Compensation Act, V.I. Code. Ann. tit. 24, § 250 *et seq.* (VIWCA), and Virgin Islands Tort Claims Act, V.I. Code. Ann. tit. 33, § 3401 *et seq.* (VITCA), barred those claims, Dkt. No. 29 at 12–17. Defendants also moved to stay discovery pending a resolution of their Motion to Dismiss. Dkt. No. 45. The Court granted the requested stay, Dkt. No. 52, and subsequently denied Plaintiff's motion for reconsideration, Dkt. Nos. 54, 56.

Plaintiff filed his Opposition to the Motion to Dismiss on August 21, 2018. Dkt. No. 37. He conceded that VIWCA prohibited his negligence claim against the Government of the Virgin Islands and represented that he would "voluntarily dismiss that claim in a separate filing." *Id.* at 20. He also acknowledged that VITCA required him to notify the Government of the Virgin Islands of his tort claims and wrote that he would "file a motion . . . seeking permission to pursue his tort claims" in compliance with VITCA. *Id.* Three months later, Plaintiff moved the Court to strike as untimely the portion of Defendants' Motion to Dismiss that argued Plaintiff had failed to state a claim

upon which relief could be granted. Dkt. No. 55. Plaintiff's Motion to Strike remains unopposed.

No further action was taken on this case since the Court declined to reconsider the stay of discovery on December 7, 2018. The case was reassigned to the undersigned Judge on March 25, 2022. Dkt. No. 58.

On August 25, 2022, the Court held a status conference, at which the Court reviewed with the parties the status of the pending motions. Min. Entry (Aug. 29, 2022). During the conference, Plaintiff's counsel reiterated her intention to voluntarily dismiss the negligence claims against the Government of the Virgin Islands. *See id.* Plaintiff subsequently filed a Notice of Dismissal voluntarily dismissing Count II to the extent it sought relief against the Government of the Virgin Islands and Count V in its entirety. Dkt. No. 65.

## DISCUSSION[2]

### A. Applicable Law

#### 1. Motion to Dismiss

Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is a "facial challenge" because the Defendants do "not challenge the validity of any of the Plaintiff['s] factual claims," but rather contend "that the allegations of the Complaint, even accepted as true, are insufficient to establish" jurisdiction. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d

[2] The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

625, 632–33 (3d Cir. 2017). To evaluate that contention, we accept Plaintiff's "well-pleaded factual allegations as true and draw all reasonable inference from those allegations in [his] favor." *Id.* at 633. It is the Plaintiff, however, who "must bear the burden of persuasion" as to the Court's jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

In ruling on a Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), we similarly accept all of Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in his favor. *Fischbein*, 959 F.3d at 561. But on this motion, Defendants have "the burden of showing that no claim has been stated." *Kehr Packages, Inc.*, 926 F.2d at 1409.

**2. Motion to Strike the Motion to Dismiss**

The Federal Rules of Civil Procedure do not expressly authorize motions to strike other motions. *See Boscov's Dep't Store, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 546 F. Supp. 3d 354, 361 (E.D. Pa. 2021); *cf.* Fed. R. Civ. P. 12(f) (permitting motions to strike portions of pleadings). Although "[s]ome courts have refused to consider a . . . motion to strike a motion to dismiss" on that basis, others have adopted a "less stringent approach." *Puckett v. United States*, 82 F. Supp. 2d 660, 662 (S.D. Tex. 1999), *aff'd sub nom. Puckett v. Comm'r*, 213 F.3d 636 (5th Cir. 2000). This Court falls in the latter camp, sharing the view recently espoused by the United States District Court for the Eastern District of Pennsylvania that "[b]ecause federal judges have the inherent power to manage cases that come before them, courts may consider motions that a party captions a

motion to strike but that are different in kind than the motions that Rule 12(f) contemplates." *Boscov's Dep't Store, Inc.*, 546 F. Supp. 3d at 361 (quotations omitted).

**B. Analysis**

**1. Defendants' Motion to Dismiss and Plaintiff's Motion to Strike the Motion to Dismiss**

First, the Court addresses Defendants' Motion to Dismiss and Plaintiff's corresponding Motion to Strike. As explained above, Defendants filed their Motion to Dismiss several months after the deadline for responsive pleadings had passed. A motion to dismiss under Rules 12(b)(1) and 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, Defendants' months-long delay in filing their Motion to Dismiss rendered the motion untimely. That, in and of itself, is troubling considering the Government's duties to represent the public and to protect the public fisc. But even more disturbing is that government counsel not only failed to provide an explanation for that delay when making Defendants' motion or at any time since, but also failed to respond to Plaintiff's Motion to Strike the Defendants' motion. To date, Plaintiff's Motion to Strike remains unopposed by the Government without any sound explanation, even when the Court invited government counsel to provide one.[3]

[3] At the August 25, 2022 status conference, government counsel initially stated that the reason the Government did not respond to Plaintiff's Motion to Strike was that the filing was improper because the case had been stayed. When Plaintiff's counsel pointed out that the stay pertained exclusively to discovery and thus had no bearing on the ongoing litigation regarding dismissal, government counsel advised that he was not the original attorney on the case and, notwithstanding two weeks' notice of the upcoming status conference, had not sufficiently familiarized himself with the litigation to explain

As it is unopposed, the Court will grant Plaintiff's Motion to Strike the Defendants' Motion to Dismiss. *See Gen. Council of Assemblies of God v. Fraternidad de Iglesia de Asamblea de Dios Autonoma Hispana, Inc.*, 382 F. Supp. 2d 315, 317 n.1 (D.P.R. 2005) (striking a motion to dismiss as untimely); *Prudential Ins. Co. of Am. v. Bentley*, No. CV 2010-087, 2011 WL 4758708, at *5 (D.V.I. Oct. 7, 2011) (same).

**2. The Court's Obligation to Assure Itself of Subject Matter Jurisdiction**

As courts of limited subject matter jurisdiction under Article III, federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted). For that reason, "lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time." *Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007); *see also United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."). Here, the Court lacks jurisdiction over Counts II through V as a result of Plaintiff's failure to comply with VITCA.

Before addressing VITCA, however, the Court takes a brief detour to explain its rejection of a different jurisdictional argument, *i.e.*, that VIWCA deprives this Court of subject matter jurisdiction over Plaintiff's tort claims against the Government Entities. *See* Dkt. No. 29 at 12–13. Under VIWCA, an employee's right to workers'

---

Defendants' failure to oppose the Motion to Strike or Defendants' delay in filing their Motion to Dismiss. Nor, since the conference, has the Government attempted to provide any explanation.

compensation "shall be the only remedy against the employer." V.I. Code Ann. tit 24, § 284(a). Plaintiff conceded early on that VIWCA applied to his negligence claims against the Government of the Virgin Islands as his ultimate employer, Dkt. No. 37 at 20, but then dismissed only two of the counts raising such a claim, Dkt. No. 65, leaving two others, Counts III and IV, intact, *see* Compl. ¶¶ 73–84. Defendants have suggested at various points, including the recent status conference, that this Court lacks jurisdiction over those counts, but Defendants were working off a mistaken premise. VIWCA's exclusive remedy provision is not a jurisdictional rule, so dismissal under Rule 12(b)(1) would have been inappropriate in any event. *See Edward v. GEC, LLC*, 67 V.I. 745, 757 (2017) (holding "the presence of immunity under the VIWCA does not deprive a court of subject-matter jurisdiction").

VITCA, on the other hand, does impose a jurisdictional rule. Section 3409(c) of that statute provides:

> [A] claim to recover damages . . . for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor[.]

V.I. Code Ann. tit. 33, § 3409(c). While the Supreme Court of the Virgin Islands has expressly reserved judgment on "whether the VITCA's claim-filing requirements are jurisdictional," *Fleming v. Cruz*, 62 V.I. 702, 718 n.13 (2015); *see also Petersen v. Chase*, 2021 WL 7237196, at *5 n.12 (V.I. Super. Ct. Aug. 2, 2021) (acknowledging uncertainty), our Court of Appeals has observed that VITCA sets the "terms of [the Virgin Islands' waiver of sovereign immunity]," thereby carrying jurisdictional

requirements that "may not be waived."[4] *Russell v. Richardson*, 905 F.3d 239, 258 (3d Cir. 2018) (alterations in original) (quoting *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984)). To satisfy these jurisdictional requirements, "[t]he claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon." V.I. Code Ann. tit. 33, § 3410.

Here, Plaintiff does not dispute that he failed to file a claim or notice of intention by August 23, 2017, which would have been within ninety days of his injury on May 25, 2017. Dkt. No. 37 at 20. Rather he points to an exception to this ninety-day requirement in § 3409(c), which enables claimants to seek judicial permission to file a VITCA claim "at any time within two years after the accrual thereof . . . [b]ut if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed." V.I. Code Ann. tit. 33, § 3409(c). So on August 21, 2018, after Defendants' Motion to Dismiss brought this issue to Plaintiff's attention, Plaintiff stated his intention to "file [such] a motion" in view of Plaintiff's disability. Dkt. No. 37 at 20; *see Frazier-Alexis v. Superior Ct.*, No. CV 2016-0081, 2018 WL 3559175, at *2 n.2 (D.V.I. July 24,

---

[4] Likewise, the lower courts of the Virgin Islands have generally concluded that VITCA imposes a jurisdictional prerequisite, rather than a claims-processing rule, *see, e.g.*, *Hansen v. Gov. Juan F. Luis Hosp.*, No. SX-15-CV-509, 2018 WL 4279447, at *5 (V.I. Super. Ct. June 22, 2018); *Pierre v. Gov't. of V.I.*, No. SX-17-CV-436, 2018 WL 2386908, at *3 (V.I. Super. Ct. May 21, 2018), as have other opinions issued by this District Court, *see, e.g.*, *Matthews v. Law Enf't Supervisor's Union*, 2017 WL 4127757, at *3 (D.V.I. Sept. 11, 2017) ("Timely compliance with the VITCA's notice requirement is a jurisdictional prerequisite to bringing suit on a plaintiff's tort claims." (quoting *Speaks v. Virgin Islands*, No. CIV A 2006-168, 2009 WL 167330, at *6 (D.V.I. Jan. 14, 2009))).

2018) (reasoning "legal disability" is limited to minority, insanity, and imprisonment); *Tutein v. Hyland*, No. 674/1982, 1982 WL 1035051, at *4 (Terr. V.I. Sept. 22, 1982) (implying hospitalization may constitute "legal disability"). But Plaintiff never did so.

Now it is too late. Even if § 3409(c)'s two-year period began to run on July 1, 2017 (at the end of Plaintiff's regimen of rest and painkillers) rather than on May 25, 2017 (the date of the shooting), the window would have closed over three years ago on July 1, 2019. And to the extent Plaintiff has suggested that the allegations in his Complaint offer sufficient notice to the Government of his claim, Compl. ¶ 55, he confuses the notice standard under Federal Rule of Procedure 12(b)(6) with the notice requirement of VITCA. His Complaint would put a reader on notice of his tort claims, but the Complaint alone does not satisfy § 3410. *See Mercer v. Gov't of V.I.*, 18 V.I. 171, 180 (Terr. 1982) (dismissing for lack of jurisdiction where "[t]he only document filed by plaintiff was the complaint, which was filed with the court. No claim or notice of intention to file a claim was filed with the Governor and the Attorney General"). Because that requirement is jurisdictional, *see Hypolite v. Francois*, No. ST-12-CV-534, 2013 WL 2279088, at *3 (V.I. Super. Ct. May 10, 2013); *Van Putten v. Alexis*, 19 V.I. 265, 268 (D.V.I. 1982); *Mercer*, 18 V.I. at 181, the Court lacks power to consider Plaintiff's claims under Virgin Islands tort law.[5] The Court will therefore dismiss Counts II through V of the Plaintiff's Complaint for lack of subject matter jurisdiction.

---

[5] Defendants also suggest that we lack supplemental jurisdiction over Plaintiff's claims under Virgin Islands tort law. Dkt. No. 29 at 14–15. Because VITCA bars those claims, we need not reach Defendants' argument regarding supplemental jurisdiction. However, the Court observes that Plaintiff's federal and Virgin Islands claims both derive

## CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's Motion to Strike Defendants' Motion to Dismiss and DISMISSES Counts II through V for lack of subject matter jurisdiction. The previously entered stay of discovery (Dkt. No. 52) is now lifted.

SO ORDERED.

Dated: September 13, 2022

CHERYL ANN KRAUSE
United States Circuit Judge

from the circumstances of his shooting, which almost certainly constitute "a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).