## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| DETECTIVE MOSES PRESIDENT, <br><br> Plaintiff, <br><br> -v.- <br><br> GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS POLICE DEPARTMENT, VIRGIN ISLANDS TERRITORIAL EMERGENCY MANAGEMENT AGENCY, POLICE OFFICER SHONNETH GITTENS, POLICE OFFICER D'NEICIA JACOBS, POLICE OFFICER ALMONT KING, and A'KEYMA BARTHLETT <br><br> Defendants. | 1:17-cv-00046 (CAK) <br><br> **OPINION AND ORDER** |

## **MEMORANDUM OPINION AND ORDER**

CHERYL ANN KRAUSE, Circuit Judge, sitting by designation.

THIS MATTER is before the Court upon Plaintiff's Notice of Filing a First Amended Complaint (Dkt. No. 69), Defendants Gittens, Jacobs, and King's Motions to Strike the First Amended Complaint (Dkt. Nos. 78, 80), Plaintiff's Opposition to their Motions to Strike (Dkt. No. 87), and Gittens, Jacobs, and King's Replies to Plaintiff's Opposition (Dkt. Nos. 88, 89), as well as Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. No. 70) and Defendants' Oppositions to Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. Nos. 79, 81, 82). For the reasons that follow, the Court grants Gittens, Jacobs, and King's Motions to Strike the First Amended Complaint in full and Plaintiff's Motion for Leave to File an Amended Complaint in part.

1

I.   **BACKGROUND**[1]

Detective Moses President (the Plaintiff) seeks to hold Shonneth Gittens, D'Neicia Jacobs, Almont King, and A'Keyma Barthlett (collectively, the Defendants) liable for injuries Plaintiff sustained from police friendly fire. According to Plaintiff's Complaint, in response to reports of a shooting at a St. Croix bar on May 25, 2017, Plaintiff called the 911 operator, Barthlett, and warned her that he was approaching the scene in plain clothes.[2] Dkt. No. 1 ¶¶ 18–19, 21–23. But Barthlett purportedly failed to relay that information to the other police officers converging on the bar. *Id.* ¶¶ 23, 51.

When the Plaintiff arrived, he saw a man brandishing a firearm. *Id.* ¶¶ 29–30. Officers Gittens and Jacobs reached the scene at approximately the same time and, in alleged violation of police procedure, drove their police vehicle directly in front of the armed man. *Id.* ¶ 31. Startled by their rapid approach, the man aimed his weapon at Gittens and Jacobs. *Id.* ¶ 32. Plaintiff warned the man to "drop the gun," but the man did not do so. *Id.* ¶¶ 33–34. To protect Gittens and Jacobs, Plaintiff shot the man. *Id.* ¶ 35. According to the Complaint, after witnessing the plain-clothed Plaintiff fire his gun, another officer present at the bar—King—shot Plaintiff in the back without warning. *Id.* ¶¶ 37–40. Allegedly, neither Gittens nor Jacobs came to Plaintiff's aid. *Id.* ¶ 41. Plaintiff sustained serious injuries from the gunshot and was subsequently hospitalized. *See id.* ¶¶ 44–45.

---

[1] As this case remains "[a]t the pleading stage, the court accepts as true the well-pleaded allegations in the plaintiff's complaint." *Malibu Media, LLC v. Flanagan*, No. 2:13-CV-5890, 2014 WL 2957701, at *2 (E.D. Pa. July 1, 2014). Accordingly, these facts are taken from Plaintiff's Complaint.

[2] Plaintiff asserts that he called instead of radioing because the government's radio communication system was not functioning at the time. Dkt. No. 1 ¶ 21.

2

Plaintiff filed suit against the Defendants, as well as several Virgin Islands government entities, on August 29, 2017. *Id.* ¶¶ 7–9, 10–17. The Complaint included five counts, one federal and the remainder under Virgin Islands law: (I) that the Defendants, in their individual capacities, violated 42 U.S.C. § 1983, Dkt. No. 1 ¶¶ 56–65; (II) that Gittens and Jacobs were negligent and the Government of the Virgin Islands was vicariously liable for their negligence, *id.* ¶¶ 66–72; (III) that King was negligent and the Government of the Virgin Islands was vicariously liable for his negligence, *id.* ¶¶ 73–78; (IV) that Barthlett was negligent and the Government of the Virgin Islands was vicariously liable for her negligence, *id.* ¶¶ 79–84; and (V) that the government entities were negligent, *id.* ¶¶ 85–91.

After nearly a year of inactivity, the Defendants and government entities moved to dismiss the Complaint on June 19, 2018 for lack of subject matter jurisdiction and failure to state a claim. Dkt. No. 28. Plaintiff in turn moved to strike their motion as untimely. Dkt. No. 55. The Court also stayed discovery pending a resolution of the Motion to Dismiss. Dkt. No. 52. This litigation then remained dormant until it was reassigned to the undersigned Judge on March 25, 2022. *See* Dkt. No. 58.

On August 31, 2022, while the Motion to Dismiss and Motion to Strike were still pending, Plaintiff filed both a First Amended Complaint, Dkt. No. 69, and a Motion for Leave to File an Amended Complaint, Dkt. No. 70. The Amended Complaint did not alter the factual allegations nor Count I of the original Complaint. Dkt. No. 69-1 at 4–9. But the Amended Complaint revised Counts II through IV by deleting the original Complaint's references to the Government of the Virgin Islands' vicarious liability for the Defendants'

3

negligence. *Id.* at 8–11. The Amended Complaint also omitted Count V of the original Complaint and relinquished any claims against the government entities. *Id.* at 11–12. Instead, the Amended Complaint added new Counts V through VII alleging, respectively, that Gittens and Jacobs, King, and Barthlett committed gross negligence. *Id.* at 11–14.

Two weeks later, this Court issued a Memorandum Opinion granting Plaintiff's Motion to Strike the Defendants' Motion to Dismiss, but dismissing *sua sponte* Counts II through V of the original Complaint for lack of subject matter jurisdiction. Dkt. No. 72 at 12. The Court held that Plaintiff's failure to comply with the Virgin Islands Tort Claims Act, V.I. Code. Ann. tit. 33, § 3401 *et seq.* (VITCA), deprived the Court of jurisdiction over Plaintiff's vicarious and direct liability claims against the government entities, *see* Dkt. No. 72 at 11. By resolving the Motion to Dismiss, this Court lifted the stay of discovery. *Id.* at 12.

The Defendants then responded to Plaintiff's amended pleading. Gittens and Jacobs moved to strike the Amended Complaint as untimely, Dkt. No. 78, as did King, Dkt. No. 80. Plaintiff filed an Opposition to those Motions to Strike, Dkt. No. 87, to which Gittens and Jacobs, Dkt. No. 88, and King, Dkt. No. 89, replied. Separately, the Defendants opposed Plaintiff's Motion for Leave to File an Amended Complaint. *See* Dkt. Nos. 79 (Gittens and Jacobs), 81 (Barthlett), 82 (King). This Opinion resolves those outstanding motions.

**II.  DISCUSSION**[3]

    A.    <u>Applicable Law</u>

        *1.    Motions to Strike the First Amended Complaint*

Federal Rule of Civil Procedure 12(f) permits the district courts to "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, courts may also strike entire pleadings if they are untimely. *See Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 278 (S.D.N.Y. 2020); *Dehart v. Homeq Servicing Corp.*, No. 11-CV-416, 2011 WL 13137379, at *1 (E.D. Pa. June 2, 2011).

        *2.    Motion for Leave to File an Amended Complaint*

A plaintiff may amend its complaint once as a matter of course within 21 days of service of an answer or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). Otherwise, written consent of the defendants or leave of the court is required for any amendments to the complaint. Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint generally should "be freely granted." *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). But a court may deny leave to amend when "there is undue delay, . . . prejudice, [or] futility." *Talley v. Wetzel*, 15 F.4th 275, 286 n.6 (3d Cir. 2021).

---

[3] The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

B.  Analysis

1.  *Motions to Strike the First Amended Complaint*

By filing a First Amended Complaint without Defendants' consent or leave of the Court, Plaintiff seeks to amend as a matter of course. But the Defendants served Plaintiff with a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b) on June 19, 2018,[4] so the deadline for amendment as a matter of course expired on July 10 of that year. *See* Fed. R. Civ. P. 15(a)(1)(B). Accordingly, Plaintiff's attempt to amend without Defendants' consent or leave of the court is more than four years too late.[5] The Court will therefore grant Defendants Gittens, Jacobs, and King's Motions to Strike the First Amended Complaint. *See Davis v. Corr. Med. Servs.*, 760 F. Supp. 2d 469, 474 (D. Del.) (striking an amended complaint improperly filed without consent of the defendants nor leave of the court), *aff'd*, 436 F. App'x 52 (3d Cir. 2011).

---

[4] The Court notes that the Certificate of Service appended to the Motion to Dismiss states that service was effectuated by electronic filing on July 19, 2018; however, the Motion was in fact filed on June 19, 2018. But, even if the Motion had been filed in July, Plaintiff's amendment as a matter of course would still be untimely.

[5] Plaintiff contends the Motion to Dismiss cannot trigger the 21-day deadline under Federal Rule of Civil Procedure 15(a)(1)(B) because this Court subsequently struck that Motion as untimely. *See* Dkt. No. 87 at 2; Dkt. No. 70 at 6. But Plaintiff does not identify any authority for this apparently novel proposition. Instead, Plaintiff cites two unpublished cases from this District striking untimely *complaints* and describing them as nullities in dicta. Dkt. No. 70 at 6–7 (citing *O'Reilly Plumbing & Constr., Inc. v. Lionsgate Disaster Relief, LLC*, No. 1:19-CV-24, 2020 WL 6393902, at *5 (D.V.I. Nov. 2, 2020) and *Catalus Cap. USVI, LLC v. Servicemaster Co., LLC*, No. 2017-CV-17, 2018 WL 3431927, at *3 (D.V.I. July 13, 2018)). The Court will therefore adhere to the plain language of Rule 15 permitting amendment as a matter of course within "21 days after *service* of a motion under Rule 12(b)," Fed. R. Civ. P. 15(a)(1)(B) (emphasis added), regardless of how a court ultimately rules on that motion.

## 2. *Motion for Leave to File an Amended Complaint*

Plaintiff also requests leave of the Court to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2). In his proposed amendments, Plaintiff recharacterizes his negligence theory against the Defendants by no longer invoking vicarious liability, omits all claims against the government entities, and adds gross negligence claims against the Defendants. Defendants oppose those amendments on three grounds: first, they contend that Plaintiff unduly delayed in seeking to amend his Complaint; second, they argue that the proposed amendments would prejudice them; and third, they assert that these amendments would be futile. The Court addresses each of these objections in turn and explains why the Court will grant leave to amend only to the extent Plaintiff seeks relief against the Defendants in their individual—as opposed to official—capacities.

### i. Undue Delay

Defendants urge the Court to deny leave to amend based on Plaintiff's undue delay. Their sole argument in favor of undue delay is that Plaintiff waited several years before requesting leave to amend. But "delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, delay becomes undue only when it imposes "an unwarranted burden on the court" in light of the plaintiff's "motives for not amending [its] complaint to assert [these] claim[s] earlier." *Adams*, 739 F.2d at 868. As this case remains in its early stages and the Defendants have not alleged any improper motive on the part of the Plaintiff, the Court declines to deny leave to amend merely based on Plaintiff's delay. *See Honore v. U.S. Dep't of Agric.*, No. 2016-CV-55, 2020 WL 1963939, at *5 (D.V.I. Apr. 22, 2020) (holding

a plaintiff's "significant delay" in seeking leave to amend did not, without more, constitute undue delay).

      ii.  Prejudice

Next, the Defendants contend that they would be prejudiced by Plaintiff's proposed amendments. Leave to amend is inappropriate when a defendant would be prejudiced by "additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273; *see also Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) ("[T]he non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" (quoting *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981))).

Although the Defendants assert that Plaintiff's proposed gross negligence claims would result in prejudicial surprise, "there is no unfair surprise to Defendant[s] in the amended complaint because the factual allegations underlying Plaintiff's claims remain the same." *Creative Pultrusions Inc. v. Cooper B-Line, Inc.*, No. 3:18-CV-256, 2020 WL 13469586, at *3 (W.D. Pa. Feb. 21, 2020). Moreover, as minimal discovery has occurred since the Court lifted the stay of discovery on September 13, tailoring discovery to reach information pertinent to Plaintiff's gross negligence claims would not impose a significant burden on the Defendants. *See Debjo Sales, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, No. 14-CV-4657, 2017 WL 4404565, at *2 (D.N.J. Oct. 4, 2017) (finding insufficient prejudice to deny leave to amend when "discovery [was] still in the early stages"). And Defendants will have "ample opportunity to cure any potential prejudice" before trial.

8

*Lentz v. Mason*, 32 F. Supp. 2d 733, 738 (D.N.J. 1999). Thus, Plaintiff's proposed amendments would not impermissibly prejudice the Defendants.

      iii.  Futility

Defendants' final objection is that amendment would be futile. They offer three bases for this contention: that the Court lacks subject matter jurisdiction over proposed Counts II through VII by virtue of VITCA; that Plaintiff has failed to state a claim for gross negligence; and that Gittens, Jacobs, and King are entitled to qualified immunity from Plaintiff's Virgin Islands tort claims.

The Court agrees that it lacks subject matter jurisdiction over Plaintiff's claims against the Defendants in their official capacities; however, there is no jurisdictional defect with Plaintiff's claims against the Defendants in their individual capacities. Nor do the Defendants' other two arguments in favor of futility warrant denying leave to amend. Thus, the Court will grant leave to amend the Complaint only to the extent Plaintiff's claims are against the Defendants in their individual capacities.

      a.  Lack of Subject Matter Jurisdiction

First, the Defendants observe that the proposed Amended Complaint contains several claims under Virgin Islands tort law—namely Counts II through IV for negligence and Counts V through VII for gross negligence—and emphasize that this Court dismissed the negligence counts in the original Complaint for lack of subject matter jurisdiction based on Plaintiff's failure to satisfy the jurisdictional notice requirements of VITCA. *See* Dkt. No. 72 at 11. Defendants reason that Plaintiff's non-compliance with VITCA likewise

divests this Court of subject matter jurisdiction over the Virgin Islands tort law claims in the proposed Amended Complaint.

But VITCA does not apply to Plaintiff's ordinary negligence claims as recharacterized in his proposed Amended Complaint. The negligence counts in Plaintiff's original Complaint were expressly predicated on a theory of vicarious liability against both the Defendants and the Government of the Virgin Islands. *See* Dkt. No. 1 at 9–11. Accordingly, the Court interpreted those claims as against the Defendants in their *official*, rather than *individual*, capacities. *Accord Nibbs v. Roberts*, 31 V.I. 196, 201 (D.V.I. 1995) (recognizing that vicarious liability tort claims against both an official and the government proceed against the official in his or her official capacity). Those claims therefore were subject to VITCA. *See id.*; Dkt. No. 72 at 11. By contrast, the negligence claims in Plaintiff's proposed Amended Complaint no longer invoke vicarious liability, nor are they against the Government of the Virgin Islands. As the Court interprets these recharacterized negligence counts as proceeding against the Defendants in their individual capacities, not their official capacities, those claims are no longer subject to VITCA.[6] *See Saludes v. Ramos*, 744 F.2d 992, 993 n.2 (3d Cir. 1984) ("Because plaintiff seeks recovery against [the defendant] in [her] private capacity, plaintiff was not required to comply with the [Virgin Islands] Tort Claims Act with regard to that claim."). The Court therefore has

---

[6] If the Court were to interpret Plaintiff's proposed Amended Complaint as asserting ordinary negligence claims against the Defendants in both their official and individual capacities, amendment as to the former theory would be futile due to Plaintiff's failure to comply with VITCA, as explained in this Court's prior Memorandum Opinion. *See* Dkt. No. 72 at 9–11.

subject matter jurisdiction over the individual-capacity ordinary negligence claims in the proposed Amended Complaint.

Plaintiff also seeks to add gross negligence claims against the Defendants in both their official and individual capacities in Counts V through VII, reasoning that such claims are not subject to VITCA. Dkt. No. 70 at 1, 10–11 (citing V.I. Code Ann. tit. 33, § 3408(b)). But, to the contrary, VITCA *preserves* the Virgin Islands' immunity from gross negligence claims. Section 3408 of VITCA "waives [the Virgin Islands'] immunity from liability and action" for certain torts but clarifies that "this section shall not apply if the injury or loss of property is caused by the gross negligence of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment." V.I. Code Ann. tit. 33, § 3408. VITCA, in other words, precludes gross negligence claims against Virgin Islands employees sued in their official capacities by maintaining the Virgin Islands' immunity as to those claims. *See Russell v. Richardson*, 905 F.3d 239, 258 (3d Cir. 2018). Because the Virgin Islands' immunity precludes Plaintiff's proposed official-capacity gross negligence claims, amendment as to Counts V through VII against the Defendants in their official capacities would indeed be futile for lack of subject matter jurisdiction. *See Telebrands Corp. v. Ragner Tech. Corp.*, No. 15-CV-3163, 2016 WL 184423, at *2 (D.N.J. Jan. 14, 2016) (explaining that lack of subject matter jurisdiction over proposed claims renders amendment as to those claims futile).

But Counts V through VII of the Amended Complaint assert gross negligence claims against the Defendants in their individual capacities as well. *See* Dkt. No. 70-2 at 1, 10–12. The Defendants cannot invoke the Virgin Islands' immunity when sued in their

individual capacities, *see Davis v. Knud-Hansen Mem'l Hosp.*, 635 F.2d 179, 186 (3d Cir. 1980); *Russell*, 905 F.3d at 246 n.6, so this Court enjoys jurisdiction over the proposed gross negligence claims against the Defendants in their individual capacities. Thus, amendment as to Counts V through VII against the Defendants in their individual capacities would not be futile for lack of subject matter jurisdiction.

b. Failure to State a Claim

Second, the Defendants contend that Plaintiff's proposed amendments would be futile because Plaintiff has failed to state a claim for gross negligence. To evaluate whether a proposed amendment is futile on this ground, courts apply the same plausibility standard they do under Federal Rule of Civil Procedure 12(b)(6) and "construe all reasonable inferences in the light most favorable to the plaintiff." *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 489 (D.N.J. 2014). Under Virgin Islands law, a plaintiff claiming gross negligence must show: "(1) the defendant owed plaintiff a legal duty of care; (2) the defendant breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to plaintiff; (3) and the defendant's breach constituted the proximate cause of (4) damages to plaintiff." *Brathwaite v. Xavier*, 71 V.I. 1089, 1111 (2019).

In his proposed Amended Complaint, Plaintiff avers that Barthlett failed to inform Plaintiff's fellow officers that Plaintiff was approaching an active and potentially lethal crime scene in plain clothes. Dkt. No. 70-2 at ¶ 47. He contends that Gittens and Jacobs directly approached the armed man in their vehicle, thereby escalating the situation and leading the perpetrator to raise his weapon. *Id.* ¶¶ 27–28. Finally, he asserts that King,

without issuing a verbal command or identifying himself, shot Plaintiff in the back. *Id.* ¶¶ 35–36.

Construing all reasonable inferences in the light most favorable to Plaintiff, these allegations support the conclusions that Defendants owed Plaintiff a duty as the foreseeable victim of their actions, *see Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 533 (2013) (citing *Palsgraf v. Long Island R.R. Co.*, 162 N.E. 99, 100 (N.Y. 1928)), that Defendants recklessly violated that duty, *see Brathwaite*, 71 V.I. at 1110, and that their breaches proximately caused Plaintiff's injuries from the shooting, *see Miller v. V.I. Wheel Est., LLC*, 75 V.I. 331, 337 (2021). Thus, the proposed Amended Complaint contains factual allegations "that allow[] the court to draw the reasonable inference," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that the Defendants are liable for gross negligence, so leave to amend would not be futile for failure to state a claim.[7]

       c.  Qualified Immunity

Defendants' final argument against leave to amend is that Defendants Gittens, Jacobs, and King are entitled to qualified immunity from Plaintiff's tort claims.[8] To defeat

---

[7] Defendants Gittens and Jacobs further argue that the proposed Amended Complaint fails to state a claim for negligence. Because the Court concludes Plaintiff has stated a claim for gross negligence, he has also stated a claim for ordinary negligence *a fortiori*. *Cf. Meyers v. Cruzan Motors, Ltd.*, 22 V.I. 331, 338 (D.V.I. 1986) (setting forth the elements of ordinary negligence).

[8] Although Defendants assert common law immunity under Virgin Islands law, the Court looks to federal precedent because "qualified immunity under Virgin Islands law rises and falls with federal qualified immunity." *Russell v. Richardson*, 779 F. App'x 963, 969 n.2 (3d Cir. 2019); *see also Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 366 (D.V.I. 1997) ("For suits against law enforcement officers arising under Virgin Islands law, the requisites of an immunity defense are identical to the federal bases for immunity . . . .").

a complaint at the pleading stage, qualified immunity must be "established on the face of the complaint." *Suniaga v. Downingtown Area Sch. Dist.*, 504 F. Supp. 3d 430, 450 (E.D. Pa. 2020) (quoting *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)). Courts determine whether a government official is entitled to qualified immunity by assessing: "(1) whether the facts alleged by the plaintiff show the violation of a [legal] right, and (2) whether the law was clearly established at the time of the violation." *Jefferson v. Lias*, 21 F.4th 74, 80 (3d Cir. 2021). Although courts must resolve "immunity questions at the earliest possible stage of litigation," *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), it is "generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Hazzouri v. W. Pittston Borough*, 416 F. Supp. 3d 405, 421 (M.D. Pa. 2019); *see also Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002) ("[A] decision on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis.").

Further factual development is necessary for the Court to determine whether the tort claims against Gittens, Jacobs, and King in Plaintiff's proposed Amended Complaint are barred by qualified immunity. Whether Defendants violated Plaintiff's clearly established legal interests through acts of gross negligence depends on the Defendants' state of mind. *See Brathwaite*, 71 V.I. at 1110. As "it is not easy at present to discern whether the alleged conduct would best be characterized as negligent, reckless, or willful[,] development of the facts in discovery may therefore shed further light" on qualified immunity. *Endl v. New Jersey*, 5 F. Supp. 3d 689, 704 (D.N.J. 2014). Likewise, given the nature of the allegations in the proposed Amended Complaint—which concern a rapidly-evolving and high-stakes

situation—fact finding is needed to decide whether the Defendants failed to "exercise reasonable care under all the circumstances" surrounding the shooting under clearly established law for purposes of Plaintiff's ordinary negligence claims. *Eaglin v. Castle Acquisition, Inc.*, No. 2011-CV-48, 2012 WL 4472148, at *5 (D.V.I. Sept. 28, 2012) (quoting Restatement (Third) of Torts: Phys. & Emot. Harm § 3 (2010)). Development of the record is therefore indispensable in this case to enable the Court to "determin[e] whether the defendant[s'] conduct violated a clearly established [legal] right." *Curley*, 298 F.3d at 278; *see also Danielson v. Chester Twp.*, No. 13-CV-5427, 2014 WL 3362435, at *11 (D.N.J. July 9, 2014) (concluding "based on the particular circumstances of this case, that the factual record must be developed" before the court can decide whether qualified immunity applies). Because the Defendants' assertion of qualified immunity is "premature" at this time, *Hazzouri*, 416 F. Supp. 3d at 421, the Court will not deny leave to amend on that basis.

\* \* \*

In sum, amendment as to any official-capacity claims against the Defendants would be futile due to the Virgin Islands' immunity. However, Plaintiff's proposed amendments are not futile to the extent Plaintiff asserts claims against the Defendants in their individual capacities.

### III. CONCLUSION

For the reasons discussed above, the Court GRANTS Defendants Gittens, Jacobs, and King's Motions to Strike the First Amended Complaint, Dkt. Nos. 78, 80, and

15

GRANTS Plaintiff's Motion to Amend the Complaint, Dkt. No. 70, in part—namely, to the extent Plaintiff proceeds against the Defendants solely in their individual capacities.

SO ORDERED.

Dated: November 29, 2022

_____
CHERYL ANN KRAUSE
United States Circuit Judge