**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| DETECTIVE MOSES PRESIDENT,<br><br>Plaintiff,<br><br>-v.-<br><br>GOVERNMENT OF THE VIRGIN ISLANDS,<br>VIRGIN ISLANDS POLICE DEPARTMENT,<br>VIRGIN ISLANDS TERRITORIAL<br>EMERGENCY MANAGEMENT AGENCY,<br>POLICE OFFICER SHONNETH GITTENS,<br>POLICE OFFICER D'NEICIA JACOBS,<br>POLICE OFFICER ALMONT KING, and<br>A'KEYMA BARTHLETT<br><br>Defendants. | 1:17-cv-00046 (CAK)<br><br>**OPINION AND ORDER** |

**MEMORANDUM OPINION AND ORDER**

CHERYL ANN KRAUSE, Circuit Judge, sitting by designation.

THIS MATTER comes before the Court on Shonneth Gittens, D'Neicia Jacobs, and Almont King's unopposed Motions for Reconsideration (Dkt. Nos. 94, 96) of this Court's Memorandum Opinion and Order (Dkt. No. 90) granting in part Plaintiff's Motion to File an Amended Complaint (Dkt. No. 70). For the reasons set forth below, the Court will grant Gittens and Jacobs's Motion for Reconsideration in full and grant King's Motion for Reconsideration in part.

## BACKGROUND[1]

On August 31, 2022, Plaintiff filed a Motion for Leave to File an Amended Complaint. Dkt. No. 70. In the Proposed Amended Complaint, Plaintiff claimed that Gittens, Jacobs, King, and A'Keyma Barthlett (collectively, the Defendants) violated Plaintiff's federal due process rights and committed both negligence and gross negligence under Virgin Islands tort law. Dkt. No. 70-2 at 7–12. Plaintiff named the Defendants in both their official and individual capacities. *Id.* at 1.

The Defendants opposed Plaintiff's motion. Dkt. Nos. 79 (Gittens and Jacobs), 81 (Barthlett), 82 (King). They argued amendment would be futile because Plaintiff's non-compliance with the Virgin Islands Tort Claims Act (VITCA), V.I. Code. Ann. tit. 33, § 3401 *et seq.*, deprived the Court of subject matter jurisdiction over his tort claims. Dkt. Nos. 79 at 5, 81 at 3, 82 at 4. Additionally, the Defendants contended that Plaintiff's failure to state a claim for negligence or gross negligence, Dkt. Nos. 79 at 11, 81 at 3, 82 at 5, and Gittens, Jacobs, and King's entitlement to qualified immunity, Dkt. Nos. 79 at 7, 82 at 8, rendered amendment futile.

This Court issued a Memorandum Opinion and Order on November 29, 2022, granting Plaintiff's Motion for Leave to File an Amended Complaint in part—namely, to the extent Plaintiff seeks to proceed against the Defendants solely in their individual capacities. Dkt. No. 90 at 16. As the Court explained, Plaintiff's non-compliance with

---

[1] The factual allegations in this case are summarized in this Court's prior Memorandum Opinion and Order. Dkt. No. 90. The Court assumes familiarity with that Opinion here.

VITCA did not justify dismissal of his tort claims against the Defendants in their individual, as opposed to official, capacities because VITCA does not apply to those claims. *Id.* at 10. Accordingly, VITCA did not displace the Court's subject matter jurisdiction over Plaintiff's individual-capacity negligence and gross negligence claims. *Id.* Defendants' contention that Plaintiff failed to state a claim was similarly unavailing, the Court explained, because his allegations plausibly satisfied the elements of negligence and gross negligence under Virgin Islands law. *Id.* at 13 & n.7. Finally, the Court ruled that additional factfinding was necessary to determine the applicability of qualified immunity given the nature of the allegations in Plaintiff's Amended Complaint, so Defendants' assertion of qualified immunity was premature. *Id.* at 14–15.

On December 12, 2022, Gittens, Jacobs, and King moved for reconsideration of that Memorandum Opinion and Order pursuant to Local Rule of Civil Procedure 7.3. Dkt Nos. 94, 96.[2] Specifically, they reasserted that Plaintiff's failure to comply with

---

[2] Barthlett also moved the Court to reconsider its Memorandum Opinion, but her motion did not include a proper signature. *See* Dkt. No. 93 at 2. The Court informed Barthlett that she needed to file a corrected motion. *See* Notice of Corrected Docket Entry (Nov. 12, 2022). Because Barthlett has not done so in the three months since the Court apprised her of the error, the Court will not consider her non-compliant motion. *Cf. Orix Credit All., Inc. v. Blevins*, No. 90 Civ. 5759, 1993 WL 177940, at *1 (S.D.N.Y. May 17, 1993) (explaining a party's "failure to refile [a] motion in accordance with this Court's instruction is sufficient to bar consideration" of the motion). Moreover, refiling the motion with a proper signature would be futile at this point, as the deadline has long since passed and Barthlett has not offered any excuse for her inordinate delay. *See* D.V.I. Local R. 6.1(b)(3) (requiring a motion for reconsideration to be filed within fourteen days after the entry of the relevant decision); *see also Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) (recognizing a motion for reconsideration "may be denied solely on the basis of its untimeliness"); *United States v. Haynes*, No. 3:17-CR-0019, 2020 WL 4043497, at *1 (D.V.I. July 16, 2020) (same).

VITCA's notice requirement, V.I. Code. Ann. tit. 33, § 3409(c), deprived the Court of subject matter jurisdiction over Plaintiff's individual-capacity tort claims, Dkt. Nos. 95 at 2, 97 at 3. Gittens, Jacobs, and King also reiterated their arguments that Plaintiff failed to state a claim for negligence or gross negligence and urged the Court to decide whether governing law was clearly established for purposes of qualified immunity. Dkt. Nos. 95 at 8–20, 97 at 7–18. This Opinion resolves their Motions for Reconsideration.[3]

## DISCUSSION[4]

**A.    Applicable Law**

Local Rule of Civil Procedure 7.3(a) permits parties to ask the Court to reconsider decisions based on "(1) an intervening change in controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice." D.V.I. Loc. R. 7.3(a). As reconsideration "is an extraordinary remedy," litigants cannot use such motions as "a vehicle for registering disagreement with the court's initial decision, or for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Addie v. Kjaer*, 50 V.I. 914, 916–17 (D.V.I.

---

[3] On January 10, 2023, Plaintiff asked the Court to extend the deadline for Plaintiff to respond to Gittens, Jacobs, and King's Motions for Reconsideration. Dkt. No. 98. The Court granted that request and extended the deadline to January 19, 2023. Dkt. No. 99. But that deadline passed a month ago and Plaintiff still has not responded to the Motions for Reconsideration. Thus, the Motions for Reconsideration are unopposed. *See Cole v. Coverstone*, No. 2:20-CV-829, 2021 WL 1795311, at *1 (S.D. Ohio Mar. 17, 2021) ("Because the deadline for responding to the Motion[s] has passed, the Court treats the Motion[s] as unopposed."). The Court nevertheless considers the merits of those motions. *See Walsh v. United States*, No. 1:05-CV-0818, 2006 WL 1670298, at *1 n.3 (M.D. Pa. June 15, 2006) ("[T]he court is not required to grant every unopposed motion."); *Hayes v. Ortiz*, No. 20-CV-5268, 2020 WL 5793649 (D.N.J. Sept. 28, 2020).

[4] The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

4

2008) (citation omitted). Because Defendants do not identify any changes in controlling law or new evidence, they must demonstrate a "clear error" or "manifest injustice." D.V.I. Loc. R. 7.3(a)(3).

**B.     Analysis**

    **1.     Subject Matter Jurisdiction**

Gittens, Jacobs, and King argue that the Court clearly erred in ruling that it has jurisdiction over Plaintiff's individual-capacity tort claims because VITCA's notice provision, V.I. Code. Ann. tit. 33, § 3409(c), applies regardless of whether government employees are sued in their official or individual capacities. Dkt. Nos. 95, 4–5, 97 at 3–4. As VITCA is jurisdictional and Plaintiff did not provide notice pursuant to § 3409(c), Gittens, Jacobs, and King reason that the Court lacks subject matter jurisdiction over Plaintiff's individual-capacity tort claims. Dkt. Nos. 95 at 8, 97 at 7.

Virgin Islands statutory provisions must "be read with their context," V.I. Code. Ann. tit. 1, § 42, and construed to effectuate the Legislature's purpose in enacting the law, *Gilbert v. People of V.I.*, 52 V.I. 350, 356 (2009). The Court therefore examines the history and structure of VITCA to ascertain the meaning of § 3409(c).

Congress provided territorial immunity to the Virgin Islands in the Revised Organic Act, which states that "no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature." 48 U.S.C. § 1541. The Legislature of the Virgin Islands subsequently enacted VITCA to "waive[] this grant of immunity for tort claims,"

but "condition[ed] this waiver on [plaintiff] first satisfying certain notice, filing, and service requirements." *Alexander v. Wilson*, 73 V.I. 528, 533–34 (2020).

That legislative purpose is evident in VITCA's structure. In § 3408(a), the Government of the Virgin Islands:

> [W]aives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment . . . provided, that the claimant complies with the provisions of this chapter.

V.I. Code. Ann. tit. 33, § 3408(a). Section 3409(c) then provides:

> No judgment shall be granted in favor of any claimant unless . . . a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim . . . .

*Id.* § 3409(c).

Reading these two sections together reveals that § 3409(c)'s notice requirement applies to claimants seeking to recover against the Government of the Virgin Islands pursuant to its waiver of immunity in § 3408(a). *See Fleming v. Cruz*, 62 V.I. 702, 711 (2015) ("[VITCA] specifies the guidelines and procedures for bringing a claim pursuant to the waiver of sovereign immunity under the Act's provisions."). That obligation also extends to official-capacity claims because "an official-capacity suit is really just another way of suing the government." *Tyson v. Samuel*, No. sx-14-cv-105, 2017 WL 2304844, at *2 (V.I. Super. Ct. May 24, 2017). By contrast, government employees sued in their individual capacities cannot invoke the Virgin Islands' immunity. *Russell v. Richardson*,

6

905 F.3d 239, 246 n.6 (3d Cir. 2018).  Because individual-capacity claims do not proceed under VITCA's waiver of immunity, § 3409(c) does not apply to those claims.  *See Saludes v. Ramos*, 744 F.2d 992, 993 n.2 (3d Cir. 1984) ("Because plaintiff seeks recovery against Dr. Ramos in the doctor's private capacity, plaintiff was not required to comply with [VITCA] with regard to that claim.").

Gittens, Jacobs, and King would have the Court read § 3409(c) in isolation, as imposing procedural requirements without regard to whether a plaintiff proceeds under the Virgin Islands' waiver of immunity in § 3408(a).  *See* Dkt. No. 97 at 4 ("Section 3408, which sets forth the Government's liability exposure, is inapplicable to the notice provisions set forth in § 3409 . . . ."); *accord* Dkt. Nos. 95 at 4.  But Defendants' attempt to divorce § 3409(c) from the immediately preceding section of VITCA defies Virgin Islands law, *see* V.I. Code. Ann. tit. 1, § 42, fundamental canons of statutory interpretation, *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012), and common sense alike.

In an effort to shore up their approach, Gittens, Jacobs, and King cite the Superior Court's conclusion in *Olive v. DeJongh* that the Attorney General of the Virgin Islands can represent government employees sued in their individual capacities pursuant to V.I. Code Ann. tit. 33, § 3415.  No. st-09-cv-426, 2012 WL 12505274, at *4 (V.I. Super. Ct. May 14, 2012).  Defendants' analogy to § 3415 is inapt, however, because that provision modifies the Attorney General's duty to defend government employees under V.I. Code Ann. tit. 3, § 114, *see Olive*, 2012 WL 12505274, at *3, rather than the Virgin Islands' waiver of immunity under V.I. Code Ann. tit. 33, § 3408(a).

7

Gittens, Jacobs, and King also argue that VITCA's applicability depends on whether a government employee acted within the scope of her employment. Dkt. Nos. 95 at 5, 97 at 6. But that simply conflates the capacity in which a government employee is sued with whether that employee acted within the scope of her employment. Those concepts are distinct under Virgin Islands law, as "the phrase acting in their official capacities is better understood as a reference to the capacity in which the officer is sued, not the capacity in which the officer inflicts the alleged injury." *Nibbs v. Roberts*, 31 V.I. 196, 220 (D.V.I. 1995) (citation omitted). VITCA waives the Virgin Islands' immunity "for the individual acts of such officers within the scope of their employment," but "officers may also be sued in their individual capacities under section 1983 and the common law for torts committed while carrying out official duties." *Id.* (quotation omitted).

The reasoning of this Court's November 29, 2022 Opinion stands on solid ground. While VITCA undoubtedly applies to suits against the Government of the Virgin Islands as well as its employees when sued in their *official* capacities,[5] courts have repeatedly rejected its application to individual-capacity claims. In *Richardson v. Knud Hansen Memorial Hospital*, 744 F.2d 1007, 1010 (3d Cir. 1984), the Third Circuit—then sitting

---

[5] *See Russell*, 905 F.3d at 245 ("[T]o bring a tort claim against the Virgin Islands Government, its departments, or its employees in their official capacities, a plaintiff must comply with [VITCA.]"); *Muhammad's Prison Ministry v. Magras*, 72 V.I. 1111, 1116, (D.V.I. 2020) ("When a party sues the V.I. Government and its agents acting in their official capacity, the V.I. Tort Claims Act, with few exceptions, requires the filing of a Notice of Intention to Sue . . . .").

8

as the highest court of the Virgin Islands[6]—held that VITCA's procedural requirements were jurisdictional and applied to the Government of the Virgin Islands, so the Court remanded for the trial court to determine whether the plaintiff had satisfied VITCA's procedural hurdles. *See id.* But the Court went on to recognize that the plaintiff's individual-capacity claim could not be dismissed on that basis, and therefore proceeded to consider that claim on the merits. As our Court of Appeals explained, "the district court awarded recovery against [the individual defendant] not only in her official capacity as an employee and agent of the Government, but also in her private capacity. We must therefore consider [the individual defendant's] challenges to the judgment against her in her private capacity." *Id.* The Court then affirmed the trial court's judgment against the individual defendant in her individual capacity, despite plaintiff's potential non-compliance with VITCA. *See id.* at 1013.

Other judges of the District of the Virgin Islands have likewise concluded that a plaintiff's failure to comply with VITCA requires dismissal of official- but not individual-capacity claims. For example, in *Poleon v. Government of Virgin Islands*, having found that the plaintiff did not comply with VITCA, the District Court dismissed his claims against the Government of the Virgin Islands but permitted his claims to proceed against two Virgin Islands police officers. 13-cv-24, 2018 WL 3764086, at *14–15 (D.V.I. Aug. 8, 2018). And in *Boyd-Richards v. de Jongh*, the District Court determined that the plaintiff did not comply with VITCA's notice requirement and thus

---

[6] *See Yuxiang Peng v. Williams*, 67 V.I. 482, 486 n.2 (Super. Ct. 2017) (noting "*Richardson* remains binding on this Court").

ruled that her tort claim "must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure as to the Virgin Islands, Governor de Jongh, and Dr. Terry in her official capacity." 11-cv-45, 2012 WL 13682, at *5 (D.V.I. Jan. 4, 2012). But "[a]s to defendant Dr. Terry in her individual capacity," the judge ruled that "plaintiff has failed to state a claim . . . ." *Id.* at *6. As these cases demonstrate, courts have consistently recognized that they retain jurisdiction over a plaintiff's individual-capacity claims, despite the plaintiff's failure to adhere to VITCA.

In sum, Gittens, Jacobs, and King identify neither a clear error nor manifest injustice in the ruling that Plaintiff's failure to comply with § 3409(c) does not strip the Court of jurisdiction over Plaintiff's individual-capacity tort claims.

### 2. Failure to State a Claim

Defendants Gittens, Jacobs, and King also contest the Court's ruling that Plaintiff stated negligence and gross negligence claims under Virgin Islands tort law. Dkt. Nos. 95 at 8–13, 97 at 7–12. Yet these Defendants merely reiterate the arguments that they previously raised and "that the Court clearly has already considered and rejected." *Hamilton v. Dowson Holding Co.*, 51 V.I. 855, 859 (D.V.I. 2009) (citation omitted). Furthermore, this Court's prior Memorandum Opinion and Order specifically identified the allegations in the Amended Complaint that satisfy the elements of negligence and gross negligence. Dkt. No. 90 at 12–13. Because Gittens, Jacobs, and King "reargu[e] matters already addressed by the Court," reconsideration is unwarranted. *Addie*, 50 V.I. at 917.

More fundamentally, these Defendants do not heed the dictate that "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, 967 F.3d 295, 299 (3d Cir. 2020) (citation omitted). Instead, their motions are replete with inferences drawn *against* the Plaintiff. For example, Gittens and Jacobs assert that the situation at the bar required "split-second judgments," Dkt. No. 97 at 17, but additional factfinding on the timing and sequence of events could just as easily undermine that conclusion.

Gittens, Jacobs, and King also assert that the Court improperly assessed the adequacy of Plaintiff's tort claims against the Defendants on a collective basis due to the Court's treatment of that issue in a paragraph. Dkt. Nos. 95 at 10–11, 97 at 10. But Defendants overlook the immediately preceding paragraph, in which the Court identified the specific factual allegations regarding each Defendant that sufficed to state a claim for negligence and gross negligence. *See* Dkt. No. 90 at 12–13.

Accordingly, Gittens, Jacobs, and King have "fallen short of [their] burden of persuading the Court to disturb its earlier ruling" that Plaintiff adequately pleaded negligence and gross negligence claims against the Defendants in their individual capacities. *Hamilton*, 51 V.I. at 859.

### 3. Qualified Immunity[7]

Finally, Gittens, Jacobs, and King object to the Court's qualified immunity analysis and urge the Court to decide whether the governing law was clearly established. Dkt. Nos. 95 at 15, 97 at 14. Qualified immunity analyses consist of two prongs: "(1) whether the facts alleged by the plaintiff show the violation of a [legal] right, and (2) whether the law was clearly established at the time of the violation." *Jefferson v. Lias*, 21 F.4th 74, 80 (3d Cir. 2021). Because qualified immunity questions must be resolved "at the earliest possible stage of the litigation," *George v. Rehiel*, 738 F.3d 562, 571 (3d Cir. 2013), and the Court may apply the prongs in either order, *Pearson v. Callahan*, 555 U.S. 223, 242 (2009), the Court will now address whether the law governing Plaintiff's claims against Gittens, Jacobs, and King was clearly established at the time of the shooting.

In his claims against Gittens and Jacobs, Plaintiff asserts the right of a police officer not to be subject to deadly force when fellow officers act in violation of a safety protocol designed to prevent police friendly fire. *See* Dkt. No. 70-2 at 7–11. Plaintiff's Amended Complaint fails to cite a specific protocol that Gittens and Jacobs allegedly violated; instead, Plaintiff merely contends they violated a "police procedure" by driving up to the armed suspect and startling him. *Id.* at 4.

---

[7] This discussion covers qualified immunity under both federal and Virgin Islands law because "qualified immunity under Virgin Islands law rises and falls with federal qualified immunity." *Russell v. Richardson*, 779 F. App'x 963, 969 n.2 (3d Cir. 2019); *Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 366 (D.V.I. 1997).

The Court has not identified any precedent predating May 25, 2017 clearly establishing that right. Nor has Plaintiff. Moreover, the Supreme Court has admonished that officials "do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." *Davis v. Scherer*, 468 U.S. 183, 194 (1984); *see also Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009) ("[Q]ualified immunity is not lost because an officer violates department protocol."). And when courts have found clearly established rights involving violations of police safety protocol, they have defined those rights in terms both narrower than and distinguishable from the right Plaintiff seeks to vindicate here. *See Kedra v. Schroeter*, 876 F.3d 424, 449 (3d Cir. 2017) (recognizing, as clearly established, "an individual's right not to be subjected, defenseless, to a police officer's demonstration of the use of deadly force in a manner contrary to all applicable safety protocols").

Accordingly, the Court concludes that Gittens and Jacobs are entitled to qualified immunity because the right they allegedly violated was not clearly established at the time of the shooting. Upon reconsideration, the Court will therefore deny leave to amend the Complaint as futile in part—namely, to the extent Plaintiff pursues claims against Gittens and Jacobs.

Plaintiff's claims against King, however, rest upon a different right: that of an officer on the scene not to be subjected to deadly force by a fellow officer who, under the circumstances, knew or reasonably should have known that the on-scene officer was not the suspect. *See* Dkt. No. 70-2 at 7–11. Specifically, the Complaint indicates that Barthlett, the 911 operator, "failed to dispatch complete information to officers

responding to the scene," Dkt. No. 70-2 at 6, and that Plaintiff identified himself as a police officer by shouting "Police, drop the gun, drop the gun," before King shot him in the back. *Id.* at 4–5.

Accepting the allegations of the Complaint as true, as the Court must at this stage of the proceedings, the Complaint asserts the violation of a right that was clearly established at the time of the shooting here. In *Curley v. Klem*, the Third Circuit explained that a police officer violates the law by shooting a fellow officer when "there was ample evidence indicating that [the shot officer] was not the suspect, including the fact that he was wearing a standard Port Authority police uniform." 298 F.3d 271, 280 (3d Cir. 2002); *see also Lamont v. New Jersey*, 637 F.3d 177, 185 (3d Cir. 2011) ("[I]t has long been the law that an officer may not use deadly force against a suspect unless the officer reasonably believes that the suspect poses a threat of serious bodily injury to the officer or others."). Thus, *Curley* made clear that when a police officer knows or reasonably should know that an individual on the scene is a fellow officer and not a suspect, the use of deadly force against that individual is impermissible. 298 F.3d at 280. As such, King is not entitled to qualified immunity at the Rule 12(b) stage.

Rather, factual development will be necessary for the Court to decide whether Plaintiff can substantiate the clearly established right that King allegedly violated. Specifically, two considerations will be essential for the Court to assess whether King knew or should have known that Plaintiff was a fellow police officer and not the suspect: what information was actually communicated to King by the government and by Plaintiff and the sequence of the relevant conditions relative to the shooting. Because factfinding

14

on these issues is indispensable to assess King's entitlement to qualified immunity, the Court will initially limit discovery on any claims against King to those two subjects. *See* Fed. R. Civ. P. 26(b)(1); *Graber v. Dales*, 511 F. Supp. 3d 594, 600 (E.D. Pa. 2021).

That limited discovery will enable the Court to decide whether King knew or reasonably should have known that Plaintiff was a police officer, not the suspect, and thus whether King is immune from Plaintiff's suit.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Gittens and Jacobs's Motion for Reconsideration (Dkt. No. 96) and therefore denies Plaintiff leave to amend the Complaint to the extent the Amended Complaint includes claims against Gittens or Jacobs. The Court also GRANTS King's Motion for Reconsideration (Dkt. No. 94) in part, to clarify discovery on any claims against King will initially be limited to (1) the information communicated to and received by King leading up to the shooting regarding the situation at the crime scene and any police presence there and (2) the precise timeline leading up to the shooting, including King's arrival at the scene, Plaintiff's self-identification as a police officer, and King's discharge of his weapon.

SO ORDERED.

Dated:   February 23, 2023

_____
CHERYL ANN KRAUSE
United States Circuit Judge